IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOME BUYERS WARRANTY CORPORATION and NATIONAL HOME INSURANCE COMPANY (A RISK RETENTION GROUP),<br><br>                                      Petitioners;<br>      v.<br><br>JASON JONES and AMANDA JONES,<br><br>                                      Respondents. | No. 15-mc-324-RGA-MPT |

MEMORANDUM ORDER

The Magistrate Judge filed a Report and Recommendation recommending that Petitioners' motion to compel arbitration and stay an action pending in the Superior Court of the State of Delaware (D.I. 7) be granted and that Respondents' motion to dismiss the petition to compel arbitration (D.I. 5) be denied. (D.I. 17). Respondents have filed objections to the report, to which Petitioners have responded. (D.I. 18, 20). The Court has diversity jurisdiction over the petition. 28 U.S.C. § 1332. I review the Magistrate Judge's disposition *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge concluded that Respondents are bound by their agreement in the HBW 2-10 Warranty to arbitrate all claims against Petitioners "arising from or related to" Respondents' home warranty. (D.I. 1-2 at 45; D.I. 17 at 11). The Magistrate Judge further found that Respondents are bound by the HBW 2-10 Warranty provisions that delegate to an arbitrator disputes concerning the arbitrability of claims under the warranty and that prohibit class-wide arbitration. (D.I. 17 at 11). Finally, the Magistrate Judge concluded that the parties' agreement to arbitrate all claims, including arbitrability, is valid and enforceable. (*Id.*)

1

The Magistrate Judge correctly concluded that Respondents agreed to arbitrate their claims against Petitioners, including disputes regarding arbitrability such as those relating to the validity and enforceability of the arbitration agreement. Applying a summary judgment standard and viewing the facts in the light most favorable to Respondents, the Magistrate Judge concluded that Respondents had failed to raise a material issue of fact regarding whether they had agreed to the arbitration provision in the HBW 2-10 Warranty. (*Id.* at 9, 10). Respondents twice expressly agreed that they had read a "sample" of the warranty agreement they ultimately entered. (D.I. 1-2 at 30; D.I. 8-5 at 2). Respondents first acknowledged receiving a sample warranty in the Sales Agreement. (D.I. 1-2 at 30 ("Seller . . . has provided to Buyer a sample limited warranty document . . ., which Buyer has read and understands (the "Limited Warranty"). The Limited Warranty . . . requires that all disputes which arise under such Limited Warranty be submitted to binding arbitration.")). At closing, in their Builder Application for Home Enrollment, Respondents again acknowledged reading a sample warranty. (D.I. 8-5 at 2 ("By signing below, you acknowledge that you have read a sample copy of the Warranty Booklet, and CONSENT TO THE TERMS OF THESE DOCUMENTS INCLUDING THE BINDING ARBITRATION PROVISION contained therein.")). The Sales Agreement and Builder Application for Home Enrollment both explicitly state that the warranty agreement contains a binding arbitration provision. (D.I. 1-2 at 30; D.I. 8-5 at 2). Additionally, the arbitration provision of the HBW 2-10 Warranty states that it is a "self-executing arbitration agreement." (D.I. 1-2 at 45). Respondents acknowledge receiving a copy of the HBW 2-10 Warranty approximately two months after closing. (D.I. 18-2 at 3). There is no evidence that Respondents objected to the terms of the HBW 2-10 Warranty they received until they sought benefits under it approximately nine years later. (D.I. 6-2 at 52–53 (Notice of Claim Form and accompanying letter explaining

2

that "[s]ubmission of the Notice of Claim Forms . . . is with full reservation of all rights and remedies available to the above homeowners . . . and does not constitute a waiver of any rights. The homeowners were never provided with the warranty and, among other things, the terms conflict with the Sales Agreements for the Christina Landing Townhouses and Delaware law.")).

Respondents filed an affidavit in which they state that they did not receive a sample warranty at any time and did not receive the actual warranty until two months after closing. (D.I. 18-2). Respondents also speculate that the "sample" warranty mentioned in the Sales Agreement and Builder Application for Home Enrollment contained different arbitration provisions than the HBW 2-10 Warranty. (D.I. 18 at 8 & n.3). Respondents' affidavit and their speculation do not raise a material issue of fact regarding whether Respondents agreed to the arbitration provisions. As the Magistrate Judge explained, Respondents' affidavit suggests a dispute regarding the date of formation of the parties' agreement to arbitrate, not a dispute regarding whether the parties agreed to the arbitration provisions in the HBW 2-10 Warranty. (*See* D.I. 17 at 10). Respondents' unsupported attorney speculation regarding the provisions present in the sample warranty also does not raise a material dispute of fact. Respondents' speculation is especially implausible because the Sales Agreement and Builder Application for Home Enrollment state that the sample provided to Respondents was a sample of the warranty that would apply, effective as of the date of closing. (D.I. 1-2 at 30 (referring to the "sample limited warranty document" as "containing the terms and conditions of a limited warranty to be provided by Seller to Buyer at closing"); D.I. 8-5 at 2 ("By signing below, you acknowledge that you have read a sample copy of the Warranty Booklet . . . . You further understand that when the warranty is issued on your new home, it is an Express Limited Warranty and that all claims and liabilities are limited to and by the terms and conditions of the Express Limited Warranty as stated in the 2-10

3

HBW® Booklet.")). In light of the above, the Magistrate Judge did not err in concluding that the Respondents had agreed to the arbitration provision in the HBW 2-10 Warranty.

The Magistrate Judge's report states that the parties' agreement, including the provisions to arbitrate arbitrability and prohibiting class-wide arbitration, are valid and enforceable. (D.I. 17 at 11). "The issue of the agreement's 'validity' is different from the issue whether any agreement between the parties was ever concluded." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 n.2 (2010) (internal quotation marks omitted). Despite its statement that the agreement is "valid and enforceable," the report does not purport to address Respondents' validity objections. (*See, e.g.*, D.I. 17 at 9 (explaining that the HBW 2-10 Warranty delegates issues of arbitrability, including respondents' unconscionability challenge, to the arbitrator); *see also* D.I. 18 at 9–10, 12–13 (arguing that the report failed to consider the validity of the arbitration clause)). Instead, the report's analysis is confined to Respondents' objective manifestations of assent to the HBW 2-10 Warranty. I therefore read the report as deciding only the questions of the existence of the parties' agreement to arbitrate and the terms of that agreement. The report does not decide the validity of the parties' agreement to arbitrate. Indeed, the validity of the parties' agreement to arbitrate is a question delegated to the arbitrator pursuant to the HBW 2-10 Warranty. (D.I. 1-2 at 45–46 ("Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, the scop[e of] arbitrable issues, and any defense based [on] waiver, estoppel or laches, shall be decided by the arbitrator.")). Respondents have not challenged the validity of the delegation provision in particular. (*See* D.I. 6, 11, 12, 18). Instead, Respondents' validity arguments challenge the enforceability of the clause that requires them to submit to mandatory binding arbitration. (*See, e.g.*, D.I. 6 at 15–23); *see also Rent-A-Center*, 561 U.S. at

4

72–77. Thus, the Court must enforce Respondents' agreement to arbitrate claims arising under or related to the warranty. *See Rent-A-Center*, 561 U.S. at 68–72 (holding that a litigant must submit a challenge to the validity of an agreement to arbitrate to an arbitrator where the agreement to arbitrate contains a delegation provision and the litigant does not challenge the delegation provision itself). Respondents' challenges to the validity of their agreement to arbitrate are for the arbitrator to decide.

For the reasons stated above, the Magistrate Judge properly recommended granting Petitioners' motion to compel arbitration of all of the claims brought by Respondents against the Petitioners in the Superior Court.

The Superior Court has stayed Respondents' case pending resolution of this petition. *Jones v. BPG Residential Partners IV, LLC*, No. N15C-10-131 WCC CCLD (Del. Super. Ct. Feb. 17, 2016) (orders granting motion to stay all of Respondents' claims pending the outcome of Petitioners' petition to compel arbitration in this Court). This Court has authority to issue an injunction to stay the state court proceedings where an injunction is necessary "to protect or effectuate [the Court's] judgments." 28 U.S.C. § 2283. Because "[p]ermitting Respondent[s] to proceed in state court [against Petitioners] could potentially eviscerate the arbitration process and make it a hollow formality, with needless expense to all concerned," a stay of the litigation between Respondents and Petitioners is appropriate here. *JPMorgan Chase & Co. v. Custer*, 2016 WL 927339, at *7 (D.N.J. Mar. 10, 2016) (internal quotation marks omitted); *see also Specialty Bakeries, Inc. v. RobHal, Inc.*, 961 F. Supp. 822, 831 (E.D. Pa. 1997), *aff'd as modified sub nom. Specialty Bakeries, Inc. v. HalRob, Inc.*, 129 F.3d 726, 727 (3d Cir. 1997); *Necchi Sewing Mach. Sales Corp. v. Carl*, 260 F. Supp. 665, 669 (S.D.N.Y. 1966). The Magistrate

Judge therefore properly recommended granting Petitioners' motion to stay the Superior Court litigation with respect to the Petitioners.

Plaintiff's objections (D.I. 18) are **OVERRULED**. The Report and Recommendation (D.I. 17) is **ADOPTED** as clarified above. The motion to dismiss (D.I. 5) is **DENIED**. The petition and motion to compel (D.I. 1, 7) are **GRANTED**. The proceedings in *Jones v. BPG Residential Partners IV, LLC*, No. N15C-10-131 WCC CCLD (Del. Super. Ct.), are **STAYED** as between Petitioners and Respondents pending the outcome of the arbitration proceedings.

It is **SO ORDERED** this 21 day of June, 2016.

/s/ Richard G. Andrews
United States District Judge